[Cite as *State v. VanNorstran*, 2019-Ohio-292.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    28928 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERRY VAN NORSTRAN, JR. | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    17 CRB 07704 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2019

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Jerry Van Norstran, Jr. ("Van Norstran") appeals his conviction in the Akron Municipal Court for violating a protection order. We affirm.

I.

{¶2} Van Norstran's wife, C.T., obtained an ex-parte domestic violence civil protection order ("CPO") against Van Norstran following an ex-parte hearing in the Summit County Common Pleas Court, Domestic Relations Division. The Summit County Sherriff's officer thereafter served Van Norstran with the ex-parte CPO. On the same day he was served with the CPO, Van Norstran, accompanied by law enforcement, made two visits to C.T.'s residence. During the first visit, Van Norstran retrieved personal items including clothing, a firearm, and a bow and arrow from the residence. During the second visit, he retrieved personal items from his vehicle.

**{¶3}** Around 9 p.m. that evening C.T. and her sister were at their father's home when a neighbor called C.T. to tell her that the back light on her house had come on. Upon returning to her residence, C.T. and her sister observed the vehicle that Van Norstran had been driving earlier in the day parked in C.T.'s driveway. C.T.'s sister stated she then saw Van Norstran exit the house while C.T. was attempting to take a picture of the vehicle. Both C.T. and her sister stated that the vehicle then followed them for several blocks. C.T.'s sister called 9-1-1.

**{¶4}** Van Norstran was thereafter charged with violating a protection order in violation of R.C. 2919.27. Van Norstran pleaded not guilty and the matter ultimately proceeded to a bench trial. Van Norstran maintained at trial that he was not at C.T.'s residence, but that his brother, who also lived at the residence, was there accompanied by their father. Although his brother and father testified accordingly, the trial court found C.T. and her sister's testimony credible and issued a written decision finding Van Norstran guilty of violating a protection order. The trial court then sentenced him according to law.

**{¶5}** Van Norstran filed this timely appeal, raising one assignment of error for our review.

II.

### Assignment of Error

**The trial court erred in finding [Van Norstran] violated the terms of [a] protection order as the trial court's findings were against the manifest weight of the evidence which could only lead to one conclusion that being contrary to the judgment of the trial court.**

**{¶6}** In his sole assignment of error, Van Norstran contends that his conviction for violating a protection order is against the manifest weight of the evidence due to inconsistent findings of the trial court.

**{¶7}** To determine whether a criminal conviction is against the manifest weight of the evidence, we "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting Black's Law Dictionary 1594 (6th Ed.1990). Nonetheless, "[a]n appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases." *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

**{¶8}** This matter implicates Van Norstran's conviction for violating a protection order in violation of R.C. 2919.27(A)(1). That statute provides as follows: "No person shall recklessly violate the terms of * * * [a] protection order issued or consent agreement approved pursuant to [R.C.] 2919.26 or [R.C.] 3113.31.]" "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

**{¶9}** The trial court found that Van Norstran violated the protection order pursuant to paragraphs two, three, four, six, nine, and ten of the CPO. Paragraph two of the CPO provides that exclusive possession of the residence at issue was provided to C.T. and that Van Norstran shall not interfere with her right to occupy the residence. Pursuant to paragraph three, Van Norstran was required to "surrender all keys and garage door openers to [the residence at issue] at the earliest possible opportunity after service of [the CPO] to the law enforcement agency that

serves [Van Norstran] with [the CPO.]" Paragraph four provides in part that Van Norstran shall not enter or interfere with the residence of C.T. including the buildings, grounds, and parking lot and that Van Norstran may not violate that order even with the permission of C.T. Pursuant to paragraph six, Van Norstran was prohibited from initiating or having any contact with C.T. or her residence, even with C.T.'s permission. Paragraph nine of the CPO states that Van Norstran shall not cause or encourage any person to do any act prohibited by the CPO. Finally, paragraph ten of the CPO prohibits Van Norstran from possessing, using, carrying, or obtaining any deadly weapon while the CPO was in effect and requires him to turn over all deadly weapons and any concealed carry weapon license in his possession to the law enforcement agency that served Van Norstran with the CPO.

{¶10} In this case, there is no dispute that the Summit County Court of Common Pleas, Domestic Relations Division issued an ex parte civil protection order ("CPO") against Van Norstran listing C.T. as the protected party. There is also no dispute regarding service of the protection order, nor the terms of the protection order. Instead, Van Norstran argues on appeal that his conviction is against the manifest weight of the evidence due to inconsistent findings of the trial court that (1) Van Norstran violated the CPO by going to C.T.'s residence and that (2) Van Norstran violated the CPO by encouraging another to interfere with C.T.'s exclusive possession of the residence. These findings implicate the trial court's findings that Van Norstran violated paragraphs two, four, six, and nine of the CPO.

{¶11} However, Van Norstran does not challenge any of the trial court's alternative findings related to its determinations that Van Norstran violated paragraphs three and ten of the CPO. Accordingly, even if we were to sustain Van Norstran's assignment of error, given the trial court's alternative and unchallenged determinations that he violated paragraphs three and

ten, Van Norstran has failed to show that he was prejudiced by any alleged error of the trial court. Moreover, to the extent that an argument may exist regarding the trial court's alternative findings, it is not this Court's duty to root it out. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), citing App.R. 12(A)(2) and 16(A)(7).

{¶12} Van Norstran's assignment of error is overruled.

III.

{¶13} As Van Norstran's assignment of error is overruled, the judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES E. BRIGHTBILL, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.